UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RICHARD EMANUEL, )
)
Plaintiff, ) CASE NUMBER:
)
v. ) 2:17-CV-658-GMB
)
)
ALABAMA STATE UNIVERSITY, )
) **JURY TRIAL DEMANDED**
Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, Dr. Richard Emanuel (hereinafter referred to as "Dr. Emanuel" or "Plaintiff"), by and through his undersigned counsel, and hereby alleges in his Complaint against the Defendant, Alabama State University (hereinafter referred to as "ASU" or "Defendant"), as follows:

### JURISDICTION AND VENUE

1. This is a suit authorized and brought to secure protection of and to redress the deprivation of rights secured by the Title VII of the Act of Congress known as the "Civil Rights Act of 1964," codified at 42 U.S.C. § 2000e *et seq.*, as amended by the "Civil Rights Act of 1991," (hereinafter referred to collectively as "Title VII"), 42 U.S.C. § 1981, and the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d) *et seq.*

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, and 1343.

3. The venue of this action is properly placed in the Middle District of Alabama pursuant to 28 U.S.C. § 1391 because Plaintiff's claims accrued in Montgomery County, Alabama.

1

## ADMINISTRATIVE EXHAUSTION

4. Plaintiff filed a Charge of discrimination with the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") on or about September 7, 2016. (See Exhibit "A"). Charge No. 420-2016-03401 (hereinafter the "First Charge") alleged that Plaintiff was being subjected to race and gender discrimination with regard to Plaintiff's compensation as an ASU Professor.

5. The EEOC issued a Dismissal and Notice of Rights (hereinafter the "RTS Notice") for the Charge on June 29, 2017. (See Exhibit "B").

6. Plaintiff received the RTS Notice for the Charge on Wednesday, July 5, 2017. (See Exhibit "B").

7. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the said RTS Notice.

8. Plaintiff has thus exhausted all administrative remedies available prior to filing this Complaint.

9. Plaintiff filed Charge No. 420-2017-02730 (hereinafter the "Second Charge" on or about August 18, 2017 (See Exhibit "C").

10. The Second Charge alleges that ASU retaliated against Plaintiff for filing the First Charge, and further discriminated against him due to his race and gender, when it selected an individual markedly less qualified than Plaintiff for a promotion for which Plaintiff was qualified and applied.

11. The EEOC has yet to issue a RTS Notice to Plaintiff for the Second Charge.

## PARTIES

12. Plaintiff is a citizen of the United States of America, who currently resides in Autauga County, Alabama.

13. Plaintiff is over the age of nineteen (19) years.

14. ASU is an "employer" whose principal address is located in Montgomery, County, Alabama, at 915 South Jackson Street, Montgomery, Alabama 36104.

## FACTUAL ALLEGATIONS

15. Plaintiff is a Caucasian, male individual.

16. Plaintiff also identifies with his Native American heritage.

17. Plaintiff began probationary employment as an Assistant Professor of Speech Communications with ASU on or about August 19, 2002.

18. On May 10, 2003, Plaintiff's probationary period ended, and he remained in the position of Assistant Professor of Speech Communications until the end of the 2005-2006 school year. Plaintiff received two (2) promotions from 2006 to 2011, and he currently holds the position of Professor of Speech Communications.

19. Plaintiff has been teaching for over thirty-four (34) years, and has a Doctor of Philosophy Degree in Communication Theory and Research from Florida State University.

20. Although Plaintiff has received salary increases during his tenure with ASU, his salary today is still lower than it would have been in the absence of discriminatory compensation decisions made throughout his career with ASU.

21. Plaintiff first became aware of his inequitable pay in or around September 2008.

22. Plaintiff learned that a similarly situated, African-American, female, Dr. E-K Daufin ("Dr. Daufin"), was, and continues to be, compensated at a higher rate than Plaintiff.

23. Dr. Daufin is ASU's Professor of Communications.

24. Plaintiff's and Dr. Daufin's positions are both within ASU's Department of Communications.

25. Plaintiff and Dr. Daufin hold comparable academic degrees.

26. Plaintiff and Dr. Daufin are required to, and in fact do, teach the same number of classes at ASU.

27. Plaintiff and Dr. Daufin have essentially the same office hours at ASU.

28. Plaintiff and Dr. Daufin have essentially the same, total work hour requirements at ASU.

29. Plaintiff has more years of teaching experience than Dr. Daufin.

30. Dr. Daufin is compensated at a higher rate than Plaintiff[1].

31. For the 2015-2016 school year, Plaintiff earned a salary of $87,701.00, while Dr. Daufin earned a salary of $91,186.00.

---

[1] ASU points out in its Position Statement to the EEOC that Plaintiff easily establishes as *prima facie* case of discrimination.

32. For almost a decade, Plaintiff notified numerous individuals within ASU's leadership hierarchy that was being subjected to disparate treatment based on his race and gender.

33. ASU has consistently treated Plaintiff's discrimination complaints with malice and/or reckless indifference, has repeatedly refused to fully rectify its disparate treatment, and, to date, has not provided legitimate, non-discriminatory reasons for the same.

## COUNT I – RACE DISCRIMINATION IN VIOLATION OF TITLE VII

34. The allegations contained in paragraphs one (1) through thirty-three (33) are inclusive and are hereby incorporated by reference.

35. Plaintiff is Caucasian.

36. Plaintiff was and remains qualified to perform the duties assigned to him by ASU as a Professor of Speech Communications.

37. ASU pays Plaintiff less than similarly-situated, African-American employees without justification.

38. ASU continues to discriminate against Plaintiff with respect to the terms and conditions of his employment by paying him less than similarly situated African-American employees, a decision by ASU which is motivated by Plaintiff's race, Caucasian.

39. As a result of ASU's conduct, Plaintiff has been deprived of income. The conduct described above also causes Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT II – RACE DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. § 1981

40. The allegations contained in paragraphs one (1) through thirty-nine (39) are inclusive and are hereby incorporated by reference.

41. Plaintiff is Caucasian.

42. Plaintiff was and remains qualified to perform the duties assigned to him by ASU as a Professor of Speech Communications.

43. ASU pays Plaintiff less than similarly-situated, African-American employees without justification.

44. ASU continues to discriminate against Plaintiff with respect to the terms and conditions of his employment by paying him less than similarly situated, African-American employees, a decision by ASU which is motivated by Plaintiff's race, Caucasian.

45. As a result of ASU's conduct, Plaintiff has been deprived of income. The conduct described above also causes Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT III – GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

46. The allegations contained in paragraphs one (1) through forty-five (45) are inclusive and are hereby incorporated by reference.

47. Plaintiff is male.

48. Plaintiff was and remains qualified to perform the duties assigned to him by ASU as a Professor of Speech Communications.

6

49. ASU pays Plaintiff less than similarly-situated female employees without justification.

50. ASU continues to discriminate against Plaintiff with respect to the terms and conditions of his employment by paying him less than similarly situated female employees, a decision by ASU which is motivated by Plaintiff's gender, male.

51. As a result of ASU's conduct, Plaintiff has been deprived of income. The conduct described above also causes Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT IV: VIOLATION OF THE EQUAL PAY ACT

52. The allegations contained in paragraphs one (1) through fifty-one (51) are inclusive and are hereby incorporated by reference.

53. Plaintiff is similarly situated with his female co-workers, specifically Dr. Daufin.

54. Plaintiff does equal work to that performed by Dr. Daufin.

55. Plaintiff has more teaching experience than Dr. Daufin.

56. Plaintiff continues to be paid substantially less than Dr. Daufin, despite having more teaching experience.

57. ASU, for many years, has been fully aware of the fact that it pays Plaintiff less than Dr. Daufin.

58. ASU continues to discriminate against Plaintiff with respect to the terms and conditions of his employment by paying him less than similarly situated female employees, a decision by ASU which is motivated by Plaintiff's gender, male.

59. As a result of ASU's conduct, Plaintiff has been deprived of income. The conduct described above also causes Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

WHEREFORE, premises considered, Plaintiff demands judgment against the ASU for back wages, compensatory and punitive damages, consequential damages, incidental damages, costs and expenses of this action, including interest, attorneys' fees, and any other relief to which he may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

*/s/ Joshua A. Wrady*
Joshua A. Wrady (ASB-9617-J68W)
*Attorney for Plaintiff*

WRADY & MICHEL, LLC
505 20th Street North
Suite 1650
Birmingham, Alabama 35242
Joshua@wmalabamalaw.com
Tel:  (205) 980-5704
Fax:  (205) 994-2819

PLAINTIFF'S ADDRESS
503 Mossy Oak Ridge
Prattville, AL  36066

CLERK OF COURT
Please serve the Defendant via Certified Mail, Return Receipt, at the following address:

Alabama State University
915 South Jackson Street
Montgomery, Alabama 36104