IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD EMANUEL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-658-ALB |
| | ) | |
| ALABAMA STATE UNIVERSITY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This is an employment discrimination lawsuit between Richard Emanuel ("Plaintiff") and his former employer Defendant Alabama State University ("ASU"). This matter comes before the court on ASU's Motion for Summary Judgment. (Doc. 29). The motion has been fully briefed and is ripe for decision.

## I.     JURISDICTION AND VENUE

Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 as to Plaintiff's federal causes of action. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). The Court views the evidence, and all reasonable

inferences drawn therefrom, in the light most favorable to the nonmoving party. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for the motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* Alternatively, a movant who does not have a trial burden of production can assert, without citing the record, that the nonmoving party "cannot produce admissible evidence to support" a material fact. Fed. R. Civ. P. 56(c)(1)(B); *see also* Fed. R. Civ. P. 56 advisory committee's note ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials.... [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.").

If the movant meets its burden, the burden shifts to the nonmoving party to establish - with evidence beyond the pleadings - that a genuine dispute material to each of its claims for relief exists. *Celotex Corp.*, 477 U.S. at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

## III.   BACKGROUND

Plaintiff is a Caucasian male who began his employment with ASU on August 19, 2002, as an Assistant Professor of Speech Communications.  Over the course of his career at ASU, Plaintiff was twice promoted, granted tenure, and held the position of Professor of Speech Communications.  In his Complaint, Plaintiff alleged that although he "has received salary increases during his tenure with ASU, his salary [at the time he filed his Complaint] is still lower than it would have been in the absence of discriminatory compensation decisions made throughout his career with ASU." (Doc. 20 ¶ 22).

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on September 7, 2016, alleging race and gender discrimination.  The EEOC issued a Notice of Right to Sue letter to Plaintiff on June 29, 2017.  On August 8, 2018, ASU informed Plaintiff that it had selected an African-American female professor instead of him as the Communication Department Chair, "a position for which he applied after filing the [EEOC complaint], and for which he was, objectively, more qualified." (Doc. 20 ¶ 37).

Plaintiff filed a Complaint in this court on September 29, 2017.  In the Amended Complaint, Plaintiff averred the following counts:

> Count I – Race Discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").
> Count II – Race Discrimination under 42 U.S.C. §1981 of the Civil Rights Act of 1964, as amended ("1981").

3

Count III – Gender Discrimination under Title VII.
Count IV – Violation of the Equal Pay Act.
Count V – Retaliation under Title VII.

Plaintiff retired from ASU effective July 31, 2018.

## IV.   DISCUSSION

### A. Race Discrimination under Section 1981

ASU argues that Plaintiff's § 1981 race discrimination claim in Count II of the Amended Complaint is due to be dismissed because it is asserted against ASU, an arm of the State of Alabama that is not a "person" subject to suit through § 1983 for violations of § 1981. Plaintiff does not respond to this argument, effectively conceding it. In any event, the court agrees with Defendant that a § 1981 claim cannot be brought against ASU because it is not a "person" subject to suit under § 1983. *See Lapides v. Bd. of Regents,* 535 U.S. 613, 617, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002) (holding that "a state is not a 'person' against whom a § 1983 claim for money damages might be asserted"); *Carr v. Bd. of Regents of the Univ. Sys.,* 249 Fed.Appx. 146, 148 (11th Cir.2007) (finding that a state entity is not a "person" subject to suit under § 1983); *see also Bryant v. Jones,* 575 F.3d 1281, 1288 n. 1 (11th Cir.2009) (finding that any claim against a state actor for a § 1981 violation must be asserted under § 1983).

ASU is not a "person" subject to suit for violations of § 1981 asserted against a state actor under § 1983. Further, the Supreme Court has held that Eleventh

Amendment immunity bars § 1983 suits against state governmental entities in federal court due to Congress's lack of clear intent to abrogate Eleventh Amendment immunity for claims brought pursuant to § 1983. *See Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). For these reasons, Plaintiff's § 1981 claim for race discrimination is due to be dismissed.

### B. Race and Gender Discrimination under Title VII

Discrimination claims involving circumstantial evidence are analyzed under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *McDonnell Douglas,* if Plaintiff establishes a *prima facie* case, the burden then shifts to the employer to provide "legitimate, nondiscriminatory reasons for the challenged employment action." *Combs v. Plantation Patterns,* 106 F.3d 1519, 1528 (11th Cir.1997). Defendant's burden is "exceedingly light," and Defendant must merely proffer a non-discriminatory reason for the adverse employment action, not prove it. *Meeks v. Computer Assocs. Int'l,* 15 F.3d 1013, 1019 (11th Cir.1994) (quoting *Perryman v. Johnson Prods. Co., Inc.,* 698 F.2d 1138, 1142 (11th Cir.1983)). "If the employer satisfies its burden by articulating one or more reasons, then the presumption of discrimination is rebutted, and the burden of production shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal

5

discrimination." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004)(citation omitted).

ASU effectively concedes that Plaintiff has made a *prima facie* showing that ASU discriminated against him on the basis of his race and gender by paying him less than a similarly situated female African-American employee, specifically, Dr. E-K Daufin, another communications professor at ASU. (Doc. 30 at 38-39, 43). ASU acknowledges that Dr. Daufin earned more than Plaintiff and held the same position, but argues that because it has offered legitimate, non-discriminatory reasons for the disparity, that Dr. Daufin and Plaintiff are not similarly situated. (Doc. 30 at 39 & 43). ASU offers no legal authority or argument for this apparent conflation of identifying a comparator and the burden-shifting framework of Title VII.  ASU neglects otherwise to provide any argument that Dr. Daufin is not a similarly situated employee or that Plaintiff failed to meet his respective burdens to establish a *prima facie* case of race and gender discrimination.

As to both gender and race discrimination, ASU argues that Plaintiff "made less than Dr. Daufin because of a 2006-2007 rank adjustment [which was] given to all faculty when Plaintiff Emanuel was an Associate Professor and Dr. Daufin was a full Professor." (Doc. 30 at 44).  Plaintiff argues in response with evidence that in 2009, "ASU adopted the 2009-10 Salary Schedule, which replaced all previous salary consideration," two years after the rank adjustment upon which ASU relies to

excuse the discrepancy. (Doc. 37 at 34). There is a genuine issue of material fact as to whether the non-discriminatory reasons offered by ASU are pretextual. Accordingly, ASU's motion for summary judgment as to Plaintiff's Title VII gender and race discrimination claims is due to be denied.

### C. Equal Pay Claim

ASU argues similarly that it is entitled to summary judgment on Plaintiff's claim of a violation of the Equal Pay Act.

> To establish a prima facie case of discrimination under the Equal Pay Act, a plaintiff must show that his or her employer paid employees of the opposite sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1); *accord Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974). Notably, because the prima facie case does not require a showing of an employer's discriminatory intent, the Act provides "a form of strict liability." *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1533 (11th Cir. 1992) (citing *Mitchell v. Jefferson Cnty. Bd. of Educ.,* 936 F.2d 539 (11th Cir.1991)).

> Once a plaintiff establishes a prima facie case, the Act allows a defendant to show, by a preponderance of the evidence, that the disparate salaries are caused by a "seniority system," a "merit system," a production-quota system, or "any factor other than sex." 29 U.S.C. § 206(d)(1); *accord Irby v. Bittick,* 44 F.3d 949, 954 (11th Cir. 1995). The employer's burden of proof on these affirmative defenses is "heavy," because it "must show that the factor of sex provided *no basis* for the wage differential." *Mulhall v. Advance Sec., Inc.,* 19 F.3d 586, 590 (11th Cir.1994) (citations omitted).

> If a defendant proves one of these affirmative defenses, the plaintiff's claim can survive a motion for summary judgment only if the

7

plaintiff shows with affirmative evidence that the reason offered for the
pay disparity was pretextual or was offered as a post-event justification.
*Schwartz v. Fla. Bd. of Regents,* 954 F.2d 620, 623 (11th Cir. 1991).

*Edwards v. Fulton Cty., Ga.*, 509 F. App'x 882, 885 (11th Cir. 2013).

ASU makes the same argument that it advanced as to the Title VII claims, i.e.,
that "there are factors other than Plaintiff's gender which provide a basis for the
wage differential. Specifically, ASU paid Dr. Daufin more than Plaintiff Emanuel
because of rank adjustments received during the 2006-2007 school years when
Plaintiff was an Associate Professor and Dr. Daufin was a Professor." (Doc. 30).  As
with the Title VII claims, evidence that the 2009-10 ASU Salary Schedule replaced
all previous salary considerations demonstrates that there is a genuine issue of
material fact as to whether the non-discriminatory reasons offered by ASU are
pretextual. Accordingly, ASU's motion for summary judgment as to Plaintiff's
Equal Pay Act claim is due to be denied.

### D. Retaliation

A plaintiff must first make a *prima facie* case of retaliation under Title VII by
showing that: "(1) [he] engaged in an activity protected under Title VII; (2)[he]
suffered an adverse employment action; and (3) there was a causal connection
between the protected activity and the adverse employment action." *Crawford,* 529
F.3d at 970. "[S]ummary judgment ... is appropriate if [the plaintiff] fails to satisfy
any one of the elements of a prima facie case." *Turlington v. Atlanta Gas Light Co.,*

135 F.3d 1428, 1433 (11th Cir.1998). The same *McDonnel Douglas* burden-shifting analysis then applies, requiring the defendant to proffer a nondiscriminatory reason, and then the plaintiff to show that the proffered reason is pretextual. *Id.* The plaintiff can demonstrate pretext by exposing "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the defendant's reasoning. *Springer v. Convergys Customer Mgmt. Grp. Inc.,* 509 F.3d 1344, 1348 (11th Cir.2007).

ASU argues that Plaintiff "cannot establish a *prima facie* case of discrimination because he cannot show that there is some causal relation between him not receiving Chair of the Communications Department position and engaging in his protected activity by filing a Charge of Discrimination on September 7, 2016." (Doc. 30). ASU acknowledges that temporal proximity between a protected activity and the adverse employment action may prove causation. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) ("The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action."). While the lapse of time is substantial between Plaintiff filing the EEOC charge in September 2017 and the selection of the Communication Department Chair in August 8, 2017, the selection was just a few days after the EEOC issued the Notice of Right to Sue letter to Plaintiff on June 29, 2017. This tight temporal proximity between the EEOC's decision on Plaintiff's

statutorily protected activity and ASU's decision not to promote Plaintiff, viewed in the light most favorable to Plaintiff, satisfies not only the element of temporal proximity for *prima facie* causation, but also serves as a substantial reason to view ASU's proffered rationale of selection based on the candidates' dispositions as pretextual. Accordingly, ASU's motion for summary judgment as to this issue is due to be denied.

## V.     Conclusion

Based on the foregoing, it is **ORDERED** that Defendant ASU's Motion for Summary Judgment (Doc. 29) is **GRANTED IN PART**  as to Plaintiff's § 1981 race discrimination claim, and **DENIED** as to all other remaining claims.

**DONE** and **ORDERED** this 18th day of July 2019.


_____/s/ Andrew L. Brasher_____
ANDREW L. BRASHER
UNITED STATES DISTRICT JUDGE

10